UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE ATM EXCHANGE, INC.,

       Plaintiff,                                       Case No. 1:05-cv-732

vs.                                                   Spiegel, J.
                                                           Black, M.J.

VISA INTERNATIONAL SERVICE
ASSOCIATION, *et al.*,

       Defendants.

**ORDER**

       This civil action is now before the Court on plaintiff's motion to compel, plaintiff's motion for a protective order, defendant Visa USA's motion to compel, defendants' joint motion to compel, and the parties' responsive memoranda. (See Docs. 73, 81, 95, 96, 99, 107, 113, 114, 118, 119,123.) The undersigned held a hearing on these motions on June 5, 2007. Each motion will be addressed in turn.

       I.       *Plaintiff's Motion to Compel (Doc. 73)*

       Plaintiff is seeking an Order compelling defendant Visa International to provide complete responses to plaintiff's discovery requests. (Doc. 73.) Specifically, plaintiff is seeking all documents and/or information collected from the imaged hardrive of Visa International employee Brian Buckley relevant to this action, as well as information and/or documents pertaining to Visa International's email retention polices. Visa International maintains that it has already provided complete responses to these discovery requests.

       Pursuant to the pleadings and arguments of counsel, the undersigned finds that plaintiff's motion is well-taken. Accordingly, defendant VISA International shall provide plaintiff with a verified discovery response indicating that it has produced all relevant and responsive documents and/or information collected from the imaged hardrive of Visa International employee Brian Buckley's computer, and Visa International shall provide plaintiff with a verified discovery response stating whether or not Visa International had an email document retention policy in place during the relevant time period.

       II.       *Plaintiff's motion for protective order (Doc. 81) and Visa's motion to*

*compel discovery (Doc. 95)*

Plaintiff is claiming promissory estoppel, negligent misrepresentation, and fraudulent misrepresentation. Accordingly, defendant Visa USA originally requested that plaintiff identify, by interrogatory responses, the discrete alleged promises, misrepresentations and concealed facts that form the basis of plaintiff's claims. Visa USA asserts that plaintiff has not provided adequate responses to these interrogatories, and, accordingly, on March 30, 2007, Visa USA noticed plaintiff for an additional 30(b)(6) deposition in order to seek complete responses to the interrogatories.

In response, plaintiff filed the instant motion for a protective order seeking to preclude Visa USA from conducting a second 30(b)(6) deposition.[1] (Doc. 81.) Plaintiff asserts that it provided complete responses to the interrogatories over a year ago, that the responsive information is also contained in the complaint and the produced documents, and that the responsive information was also elicited (or could have been) at the 30(b)(6) deposition.

In response, Visa USA then filed a motion to compel seeking an Order compelling plaintiff to identify the alleged promises, misrepresentations and concealed facts that form the basis of plaintiff's claims (either by verified interrogatory responses or 30(b)(6) deposition) (*see* doc. 95), contending that its requests remain unanswered.

Pursuant to the pleadings and oral arguments of counsel, the undersigned finds that Visa USA's motion should be granted to the degree that plaintiff shall supplement its responses to Visa USA's Interrogatories 3, 4, 5 and 6 by incorporating in a verified discovery response the relevant statements contained in plaintiff's mediation statements and February 5, 2007 letter, which identify the alleged promises, misrepresentations and concealed facts that form the basis of plaintiff's claims. (*See* Doc. 95, Ex. A ). The Court deems that such a supplement will constitute a satisfactorily specific response to the interrogatories.

    IV.    *Visa's joint motion to compel production of documents (Doc. 99)*

Defendants Visa USA and Visa International are jointly seeking an Order compelling plaintiff to produce a settlement agreement between plaintiff, NCR Corporation, and David Parlin. Defendants contend this information is relevant because it can be related to market share as it constitutes information exchanged between plaintiff and a competitor. Plaintiff asserts that the settlement agreement is not relevant to this

---

[1] Defendants deposed plaintiff's representative Janette Murphy on March 15, 2007.

action as the product never reached the marketplace and therefore cannot relate to market share. Plaintiff further asserts that the settlement agreement is privileged.

Pursuant to Federal Rule of Civil Procedure 16(b)(1), parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Although relevant information need not be admissible at the trial to be discoverable, it must appear that the information requested is reasonably calculated to lead to the discovery of admissible evidence. *Id*. When the relevancy of propounded discovery is not openly apparent, the proponent of the discovery requests has the burden to evidence that the discovery is relevant. *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 309 (D.Kan.1996).

Here, defendants have failed to provide sufficient explanation as to why the settlement agreement between NCR and ATM is relevant to this action, nor have the defendants established how discovery of the settlement agreement is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the undersigned finds that defendants' motion is not well-taken, because they have failed to meet their burden establishing the relevance of the requested settlement agreement.

In sum, it is therefore **ORDERED** that: (1) plaintiff's motion to compel (doc. 73) is **GRANTED**; (2) plaintiff's motion for a protective order (doc. 81) is **DENIED**; defendant Visa USA's motion to compel (doc. 95) is **GRANTED**; and (4) defendants' joint motion to compel (doc. 99) is **DENIED**, all consistent with the terms of this Order.

**IT IS SO ORDERED**.

Date: June 7, 2007                    s/Timothy S. Black
                                      Timothy S. Black
                                      United States Magistrate Judge